B. B. MULLINS, ET AL. *v.* PENDLETON COUNTY COURT.

[Abstract Kentucky Law Reporter, Vol. 6—598, 600.]

**Transferring Action to Equity.**

> It is not improper upon the application of a sheriff, sued by the county for settlement, to refer the action to the equity court on account of the existence of mistakes in his previous settlements and a

desire to correct them, still where in a law court the whole matter is referred to a commissioner to hear evidence as to the state of the account and evidence is heard and a report duly made, such defendant is not harmed by the failure of the trial court to refer the case to equity to such extent as to require a reversal by this court. ·

APPEAL FROM PENDLETON CIRCUIT COURT.

February 19, 1885.

OPINION BY JUDGE LEWIS:

The first judgment in this case which was rendered in accordance with a verdict of the jury was reversed by this court for the following reasons:

1. There was not a sufficient allegation of indebtedness nor were the covenants in the bonds sued on properly alleged. ·

2. There was no allegation of a demand by any one authorized to receive the money sued for.

3. That it was impracticable for a jury to properly investigate the questions involved in the action.

Upon the return of the cause the plaintiff filed an amended petition. And the first of the errors assigned on this appeal which we will consider is the action of the court in overruling the general demurrer to it.

It is alleged substantially that appellant, B. B. Mullins, having been duly elected sheriff of Pendleton county and while acting as such entered into bond with his co-defendants as sureties, covenanting that he would well and truly collect, account for and pay over to the persons entitled to receive the sums according to law, the county levy and public dues of the county of Pendleton for the year 1874, and when called upon by the county court to settle his accounts and pay over, if any, the amount of public money in his hands belonging to said county and in all things well and truly demean himself and perform the duties of collector of the county levy of said county. Which bond was duly accepted and approved by the county court of said county.

It is further alleged that the county court of Pendleton county as authorized and required by law, levied for collection in the year

1874, taxes for certain purposes mentioned, of which B. B. Mullins, as sheriff, collected many thousands of dollars, a large portion of which he had accounted for and paid over; that on the _____ day of January, 1885, a settlement of his accounts as sheriff or collector of the county levy and public dues for the year 1874 was made between him and a commissioner duly appointed and authorized by the county court for the purpose, by which settlement it was ascertained that there was then remaining in his hands of said taxes collected by him as aforesaid, the sum of $21,947.35 and that the settlement was thereafter reported to the county court and by it accepted and approved.

It is further alleged that when this action was commenced no part of said sum due or settlement as aforesaid had been paid except certain amounts recited in the amended petition, although the payment of the balance due from him on said settlement was at divers times duly and properly demanded by the receiver of the county court legally appointed and authorized to demand and receive the payment of said balance due as aforesaid. And that the failure of said defendant to pay said balance due on said settlement is a breach of said bond, etc.

There can be no question but the covenants of the bond sued on are sufficiently alleged, for not only is the bond referred to and made part of, but it is set out at large in the petition. Nor is it defective for a failure to allege a demand before the action was commenced by a person duly authorized to receive the money.

But it is contended by counsel that the allegations made in respect to the amount of taxes collected, and the settlement whereby there was found due the county the sum of $21,947.35 is not equivalent to the statement that there was in fact that amount of money remaining in the hands of the sheriff, or that he was then indebted to the county in that sum.

By section 5, article 3, chapter 27, General Statutes, the county court of said county is required to cause a final settlement of the sheriff's or collector's accounts to be made in January and reported to the court, and for the purpose of making settlement with him shall appoint some competent person as commissioner. And by section 9 it is provided that if from the report of settlement it shall

appear that there is money in the hands of the sheriff or collector due the county, the county court may appoint a receiver to whom the same shall be ordered to be paid. And if upon demand made by the receiver the sheriff or collector shall fail to pay all money found due the county by the settlement aforesaid he and his sureties may be proceeded against for its recovery.

It is not in terms alleged in the amended petition that the defendants were indebted to the plaintiff in the amount found due upon the settlement. Nor according either to the letter or spirit of the statute is it necessary to allege anything more than that a settlement was duly made between the sheriff or collector and the commissioner, and that from the report of settlement it appears the amount of money sued for was in the hands of the sheriff or collector due the county, which has been demanded by the receiver appointed for the purpose.

The settlement was with the officer himself, and when the report of it was made to the county court and put to record, the law gave authority to the county court to appoint a receiver to demand and receive from the officer the amount found due by the settlement, and upon his failure to pay a right of action existed against him and his sureties.

In our opinion therefore, all the facts necessary to constitute the cause of action under the statute were substantially alleged and proved.

It appears that upon the return of the cause to the Pendleton Circuit Court where the action was originally commenced the defendant "moved the court to transfer to equity and the Pendleton Chancery Court," but the objections of the plaintiff were sustained and the motion overruled; and instead of transferring the case an order was made referring it to a special commissioner to audit and state the accounts of appellant, B. B. Mullins, as collector of the county revenue of Pendleton county, and other taxes assessed and levied for the purpose of paying the railroad debt of the county and building bridges in said county, and for the purpose of the reference the commissioner was required to hear proof, and report.

It is contended that by the opinion of this court rendered on the former appeal the lower court imperatively ordered to transfer the

action to equity, and that the refusal of the lower court to make the transfer is alone sufficient reason for reversing the judgment. *Mullins v. Pendleton County Court,* 11 Ky. Opin. 95.

In the opinion referred to it was said "that this cause must still be reversed for the reason that it should have gone to the chancellor upon proper pleadings that he might correct the mistakes, if any, made by the sheriff in his various settlements, and have a report from the commissioner as to the condition of the sheriff's accounts with the county." It was further said: "It is impossible, or at least not practicable, for a jury to properly investigate such questions, and while any issue of fact may be submitted to them as to the validity of any claim and a special finding had at the instance of either party, this class of cases should go to a competent commissioner in order that the chancellor may arrive at a just and proper conclusion as to the rights of the parties."

The commissioner to whom the action was referred did in fact hear proof in regard to, and report on all previous settlements of the sheriff, and every account and transaction was as particularly and carefully considered and reported by the commissioner, and passed upon and decided by the Judge of the Pendleton Circuit Court as if the action had been tried and decided by the chancellor. It is therefore clear that the substantial rights of appellant were not prejudiced by the refusal of the lower court to transfer to equity. The question then arises whether the judgment should be again reversed upon that ground alone.

The only ground upon which a court of equity could have had jurisdiction exclusive of the Pendleton Circuit Court which by law has jurisdiction of only actions ordinary, is the supposed mistakes made in previous settlements between the sheriff and commissioners of the county court. But even if it be conceded that an action to correct such mistakes would have in the first instance been cognizable by a court of equity, still there is no doubt the action, being for recovery for a breach of the bond of the sheriff was properly brought in the Pendleton Circuit Court. And inasmuch as the court had jurisdiction and as intelligent and competent ascertainment and determination of all the rights of the parties has been had, as would have been the case if the action had been transferred to equity, we do not think the failure to make the transfer is alone

sufficient ground for reversal, especially as no objection was made to the consideration of the accounts and transactions involved in former settlements, and they were actually considered and passed upon.

By the report of the Special Commissioner a balance of $54.01 was found due from the sheriff. But it was adjudged by the court that the plaintiff in the action recover of the defendant $3,687.24.

One of the errors assigned is the overruling of the motion of appellants to file an amended answer. All the issues without the amended answer were fully presented and passed upon, and appellants were therefore not prejudiced by the action of the court. Not as the court in the exercise of a proper discretion permitted the plaintiff to file an amended reply, and it was necessary for the ends of justice it should be filed, we do not regard that a ground for reversal.

The judgment of the court was rendered after a more than usual careful and minute consideration of all the accounts and transactions between the parties, and of the evidence bearing upon each item, and we perceive no error in the conclusion reached in the judgment as to the amount due.

Judgment *affirmed.*

*C. H. Lee, A. Duvall, for appellants.*

*A. R. Clarke, for appellee.*

[Cited, *David v. Commonwealth,* 139 Ky. 337, 107 S. W. 306, 32 Ky. L. 812.]